```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


DELORES O'BRIEN HEFFERNAN,     )
                               )
     Plaintiff,                )
                               )
          v.                   )   1:11cv1354 (JCC/JFA)
                               )
SHERRI BROTHERS, et al.,       )
                               )
     Defendants.               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Sherri Brothers, Marita Wilson, and Jason McCandless' Motion to Dismiss [Dkt. 12], Defendant Colin Brown's Motion to Dismiss [Dkt. 15], Defendant Karen Marie Grane's Motion to Dismiss [Dkt. 18], and Defendant Theophani K. Stamos' Motion to Dismiss [Dkt. 22].[1] For the following reasons, the Court will grant Defendants' motions.

### **I.  Background**

On December 15, 2011, Plaintiff *pro se* Delores O'Brien Heffernan filed a Complaint in this Court.  [Dkt. 1.]  The caption of the Complaint suggests that Plaintiff Heffernan brings the action as "Grandmother and Guardian of minor A.O."

---

[1] The Complaint names Theophani K. Stamos in her official capacity as Commonwealth's Attorney for Arlington County, Virginia and an unknown Assistant Commonwealth's Attorney.  (Compl. [Dkt. 1] at 1.)  Stamos' Motion to Dismiss is filed on behalf of Stamos and the unknown Assistant.  (Stamos Mem. [Dkt. 23] at 1.)

1

(Compl. [Dkt. 1] at 1.)  The Complaint names eight Defendants: Marita Wilson, social worker in the Child and Family Services Division of the Arlington County Department of Human Services; Jason McCandless, Arlington County, Virginia Assistant County Attorney; Sherri Brothers, Foster Care Supervisor for the Child and Family Services Division of the Arlington County Department of Human Services; Karen Grane, Arlington County, Virginia Juvenile and Domestic Relations Court-Appointed Guardian *ad Litem*; Colin Brown, principal of Mckinley Elementary School in Arlington, Virginia; Theophani K. Stamos, Commonwealth's Attorney for Arlington County, Virginia; and, an "unknown" Assistant Commonwealth's Attorney.

The Complaint appears to bring a claim of "malicious prosecution."  (Compl. ¶¶ 40, 41.)  As best this Court can discern, the malicious prosecution claim relates to the following alleged events: the filing "false charges on 26 May 2011," an arrest in an "Arlington court house on 13 October 2011," and a "trial on 9 December 2011."  (Compl. ¶ 6.)  The Complaint is disjointed, although much of it appears to be a continuation of the allegations that were before this Court in *Manship v. Brothers*, No. 1:11cv1003, 2011 U.S. Dist. LEXIS 148271, at *5-8 (E.D. Va. Dec. 27, 2011).[2]  (*See* Compl. ¶¶ 19-

---

[2] The Court notes that James Renwick Manship is mentioned throughout the Complaint.  (*See* Compl. ¶¶ 8-11, 13, 15-19, 23, 25-26, 30-32, 35-37.)  The Complaint suggests that he has assisted Plaintiff in pursuing her grievances and has been considered Plaintiff's "attorney in fact."  (*See* Compl. ¶¶ 26,

2

22.)  Finally, the Complaint requests this Court to "provide assistance of counsel . . . to pursue the felony violations by one or more of the named Defendants," to "issue a Scheduling Order for a full and complete process of Discovery," and to "schedule a Trial by Jury."  (Compl. ¶¶ 42-44.)

In response to the Complaint, all of the Defendants filed motions to dismiss.  Defendants Sherri Brothers, Marita Wilson, and Jason McCandless filed their motion on January 20, 2012 [Dkt. 12], Defendant Colin Brown filed on January 23, 2012 [Dkt. 15], and Defendants Karen Marie Grane and Theophani K. Stamos filed on January 24, 2012 [Dkts. 18, 22].  Plaintiff was given a proper Roseboro notice pursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).  Plaintiff has failed to file a response.

Defendants' motions to dismiss are now before this Court.

## II.  Standard of Review

### A. Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Defendants may attack subject matter jurisdiction in one of two ways.  First, defendants may contend that the

---

30-31.)  Furthermore, the mailing address listed on the Complaint is "c/o Amos 5:15 Project, God and Country Foundation, Box 76, Mount Vernon, Virginia 22121," which Defendants submit is the address of Mr. Manship. (Compl. at 11; Def. Mem. [Dkt. 13] at 2.)  It is not, as is required by Federal Rule of Civil Procedure 11(a), Plaintiff's address.

complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994); *Velasco v. Gov't of Indonesia,* 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment"). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S.

178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

    B. <u>Pro Se Plaintiff</u>

Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "However inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, at *3 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III. Analysis

This Court lacks subject matter jurisdiction over the instant case because the Complaint fails to allege facts that, presumed true, provide a sufficient basis for jurisdiction.

5

Turning first to federal question jurisdiction, to the extent that the Complaint presents a cause of action, it is one based on a state law claim of malicious prosecution.  Plaintiff cites state law as the basis of her claim.  (*See* Compl. ¶¶ 3, 5-6, 24, 37, 40-41, 44.)  And, Plaintiff does not allege that Defendants violated any of her rights afforded by the Constitution or federal law.[3]  Also, to the extent that this Court could construe the Complaint as one brought under 18 U.S.C. § 1983, state law claims for malicious prosecution are not actionable under § 1983.  *See Lambert v. Williams*, 223 F.3d 257, 260-62 (stating that "there is no such thing as a '§ 1983 malicious prosecution' claim").

"When no questions of federal law are in a lawsuit, the action can go forward in federal court only if the requirements for diversity jurisdiction are satisfied pursuant to 28 U.S.C. § 1332."  *Mukuna v. Gibson*, No. 1:11cv493, 2011 U.S. Dist. LEXIS 95408, at *18 (E.D. Va. Aug. 25, 2011).  In this case, Plaintiff fails to demonstrate that diversity exists between all the Defendants and herself.  The Complaint's only statement regarding jurisdiction is that "[a]ll the incidents of the false charges, false arrest, and malicious prosecution were done in Arlington County, that is total (sic) within the

---

[3] This Court has previously informed Plaintiff Heffernan that she does not have standing to sue on behalf of A.O.  *See Manship,* 2011 U.S. Dist. LEXIS 148271, at *23.  Thus, although the caption of the Complaint suggests that Plaintiff Heffernan brings the action as "Grandmother and Guardian of minor A.O," the Court interprets the Complaint as being brought by Plaintiff Heffernan individually and on behalf of herself.

6

jurisdiction of the Eastern District of Virginia." (Compl. ¶ 5.) This statement is wholly insufficient to demonstrate diversity of citizenship and this Court declines to speculate on behalf of the Plaintiff. Additionally, Plaintiff has not plausibly pleaded an amount in controversy in excess of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). The Complaint neither alleges nor requests any monetary damages.

     As a result, even under the liberal rules governing pleadings by *pro se* plaintiffs, this Court finds it is without subject matter jurisdiction. *See DeWalt v. Dillard's Inc.*, No. 4:06cv121, 2006 U.S. Dist. LEXIS 83178, at *9 (E.D. Va. Nov. 14, 2006) (finding that "[b]ecause the plaintiffs' claims against the defendants do not by themselves implicate the U.S. Constitution or any federal statute, and diversity jurisdiction is improper, there exists no 'independent basis for federal jurisdiction' upon which this court may properly base a ruling.")

## IV. Conclusion

For these reasons, the Court grants Defendants' motions to dismiss.

An appropriate Order will issue.

|  |  |
|---|---|
| March 6, 2012<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |